**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000561
17-AUG-2021
07:46 AM
Dkt. 68 SO**

NO. CAAP-18-0000561

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PALIKSRU BROOKS, Plaintiff-Appellant,
v.
KONA COAST SHELLFISH, L.L.C., Defendant-Appellee,
and
DOE PERSONS 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; ROE "NON-PROFIT" CORPORATIONS
1-10, AND ROE GOVERNMENTAL ENTITIES 1-10,
Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CC17100305K)


**SUMMARY DISPOSITION ORDER**
(By: Ginoza, Chief Judge, Hiraoka and Nakasone, JJ.)

Plaintiff-Appellant Paliksru **Brooks** appeals from:
**(1)** the "**Order** Granting Defendant Kona Coast Shellfish, LLC's
Motion to Dismiss First Amended Complaint Filed November 14,
2017, Filed January 29, 2018," entered by the Circuit Court of
the Third Circuit on March 23, 2018; and **(2)** the "Final **Judgment**"
in favor of Defendant-Appellee **Kona Coast** Shellfish, LLC entered
on June 25, 2018.[1]  For the reasons explained below, we vacate
the Order and the Judgment and remand for further proceedings.

Brooks filed a civil complaint against Kona Coast, his
former employer.  He filed an **Amended Complaint** on November 14,
2017.  Kona Coast filed a motion to dismiss under Rule 12(b)(6)

---

[1]     The Honorable Melvin H. Fujino presided.

of the Hawai‘i Rules of Civil Procedure (**HRCP**).[2]  The motion was
heard on February 21, 2018.  The circuit court orally granted the
motion.  The Order was entered on March 23, 2018.  The Judgment
was entered on June 25, 2018.  This appeal followed.

A circuit court's ruling on an HRCP Rule 12(b) motion
to dismiss is reviewed de novo.  Bank of Am., N.A. v. Reyes-
Toledo, 143 Hawai‘i 249, 256, 428 P.3d 761, 768 (2018).  The
circuit court's stated reasons for its decision neither bind nor
restrict our appellate review.

> [A] complaint should not be dismissed for failure to state a
> claim unless it appears beyond doubt that the plaintiff can
> prove no set of facts in support of [their] claim that would
> entitle [them] to relief.  The appellate court must
> therefore view a plaintiff's complaint in a light most
> favorable to [the plaintiff] in order to determine whether
> the allegations contained therein could warrant relief under
> any alternative theory.  For this reason, in reviewing a
> circuit court's order dismissing a complaint *the appellate
> court's consideration is strictly limited to the allegations
> of the complaint, and the appellate court must deem those
> allegations to be true*.

Id. at 257, 428 P.3d at 769 (cleaned up) (emphasis added).

The notice-pleading standard governs in Hawai‘i.
Reyes-Toledo, 143 Hawai‘i at 263, 428 P.3d at 775.  HRCP Rule
8(a) states, in relevant part, that "[a] pleading which sets
forth a claim for relief . . . shall contain (1) a short and
plain statement of the claim showing that the pleader is entitled
to relief, and (2) a demand for judgment for the relief the
pleader seeks."

---

[2]     HRCP Rule 12 provides, in relevant part:

**Rule 12. DEFENSES AND OBJECTIONS — WHEN AND HOW PRESENTED —
BY PLEADING OR MOTION — MOTION FOR JUDGMENT ON THE
PLEADINGS.**

. . . .

**(b) How Presented.**  Every defense, in law or fact, to a
claim for relief in any pleading, whether a claim,
counterclaim, cross-claim, or third-party claim, shall be
asserted in the responsive pleading thereto if one is
required, except that the following defenses may at the
option of the pleader be made by motion: . . . (6) failure
to state a claim upon which relief can be granted[.]

The Amended Complaint alleged that Brooks is Micronesian-Kosraean and had worked for Kona Coast as an algae technician since 2011. For purposes of our appellate review we assume (but do not decide) that the following allegations contained in the Amended Complaint are true:

> 10. [Brooks] belongs to the protected class of individuals because of his ancestry and national origin (i.e., Micronesian-Kosrae [sic]).
>
> 11. During his employment, [Brooks] was subjected to a continuing course or pattern of discriminatory acts by [Kona Coast]'s representatives, including its management employees, that escalated in frequency and intensity, intending to create a hostile work environment.
>
> . . . .
>
> 14. [Brooks] would raise the algae, clean and maintain the algae tanks. He took his job seriously and because of his efforts he increased the production levels and quality of algae being raised on site and through his efforts of observation, trial and error, he resolved persistent problems of poor algae production, die off and contamination.
>
> 15. Often and during the calendar year of 2016, [Brooks] worked seven (7) days a week without additional compensation or overtime.
>
> . . . .
>
> 24. . . . [Brooks]'s supervisors, [sic] discriminated against [Brooks] by ridiculing him in front of his co-workers, refused to acknowledge him for his work, and refused to do anything when he raised his concerns and complaints of discrimination and disparate treatment within the company.
>
> . . . .
>
> 27. In April of 2016, [Brooks] was told by [the Farm Manager] that he was being promoted and would be given a raise of $1.00 per hour.
>
> 28. In May of 2016, [Brooks]'s promotion and raise was announced to his co-workers in a team meeting by [his supervisor].
>
> 29. [Brooks] waited patiently for his promotion and raise but he never received his promotion or raise until the end of August of 2016, after [Brooks] had to ask [the Farm Manager] what had happened to his promotion and raise.
>
> 30. [Brooks]'s promotion was a sham because it just meant that in addition to maintaining and raising algae, he would now be responsible for maintaining and raising clams.

31.  In August of 2016, [Brooks] told [the Farm Manager] that his wages were unfair and that he was being paid $2.00 an hour less that [sic] his co-worker[.] . . .

. . . .

39.  [Brooks] complained about the disparate hourly wage, bonuses and promotion, including but not limited to [working through his 30-minute lunch period, but being docked 30 minutes of overtime]. . . .

40.  [Brooks] was subjected to overt workplace discrimination by [his supervisor], including but not limited to:

a.  . . . [Brooks's supervisor] mocked and humiliated [Brooks], in the presence of . . . co-workers that [Brooks] couldn't speak "good English."  [Brooks] estimated [Brooks's supervisor] did this over ten (10) times[.] . . .

. . . .

f.  After having informed [Brooks] about his raise and promotion, and announcing it to [Brooks]'s co-workers, [Brooks's supervisor] deliberately and intentionally withheld [Brooks]'s raise and promotion, until [Brooks] had to make a complaint to the Farm Manager[.]

g.  [Brooks's supervisor] ridiculed and humiliated [Brooks] in the presence of [Brooks]'s co-workers, that he couldn't spell properly, because someone misspelled the word "bucket" on the office "Things to Buy" board. . . .

. . . .

41.  . . . [Kona Coast's] Farm Manager and . . . Human Resources Specialist, [sic] were aware of [Brooks]'s concerns and complaints but did nothing about it [sic], no investigation was conducted and [Kona Coast] did not take any remedial action.

42.  On or about January 5, 2017, [Brooks]'s level of mistrust and stress resulting from [his supervisor]'s discriminatory mistreatment and the refusal to act or conduct any investigation into [Brooks]'s concerns and complaints, was so severe and pervasive that [Brooks] could no longer tolerate the workplace conditions and felt he had no other choice but to resign and was constructively discharged.

. . . .

45.  [Brooks]'s supervisor and management employees had a pattern and practice of discriminating against [Brooks] due to his ancestry and national origin, i.e., Micronesian-Kosrae [sic], as previously alleged herein.

. . . .

> 55.   [Kona Coast]'s actions were severe and pervasive and created a hostile and abusive workplace environment, which unreasonably interfered with [Brooks]'s work performance as detailed, <u>supra</u>.
>
>          . . . .
>
> 61.   [Brooks] is a member of a protected class (Micronesian-Kosrae [sic]); similarly situated females and males were treated differently than [Brooks] and disparate treatment occurred because of [Brooks]'s ancestry and national origin.

Count I alleged that Kona Coast discriminated against Brooks in violation of Hawaii Revised Statutes (**HRS**) § 378-2.[3]  Count II alleged Kona Coast allowed Brooks to be subject to a hostile work environment in violation of HRS § 378-2.  Count III alleged that Brooks was subject to disparate treatment based upon his ancestry and national origin in violation of HRS § 378-2.  Count IV, titled "Wilful and Wanton Misconduct[,]" alleged that Kona Coast intentionally injured Brooks.  The Amended Complaint prays for "general and special damages[,]" "reinstatement, back salary and fringe benefits[,]" "front pay and accrued benefits[,]" "compensatory damages," attorney's fees and costs, pre- and post-judgment interest, and "such other relief" as the court "may deem just and proper."

Kona Coast argues that Brooks's Amended Complaint failed to plead: that he was mocked and treated unequally because of his race or ancestry; that the alleged misconduct relating to overtime, bonuses, hourly raises, and promotions was severe or pervasive; or that Brooks was constructively discharged because of discrimination based on race or ancestry.  However, "HRCP Rule

---

[3]      HRS § 378-2 (2015), provides, in relevant part:

**§ 378-2  Discriminatory practices made unlawful; offenses defined.**  (a)  It shall be an unlawful discriminatory practice:

(1)   Because of race, . . . [or] ancestry[:]

(A)   For any employer to . . . discriminate against any individual in compensation or in the terms, conditions, or privileges of employment[.]

8(a)(1) does not require the pleading of facts[.]" <u>Reyes-Toledo</u>, 143 Hawaiʻi at 258, 428 P.3d at 770 (citation omitted). <u>Compare</u> HRCP Rule 8(a)(1) <u>with</u> HRCP Rule 9(c) ("In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.") <u>and</u> HRCP Rule 9(g) ("When items of special damage are claimed, they shall be specifically stated."). We also note that HRCP Rule 8(f) requires that we construe Brooks's Amended Complaint "as to do substantial justice."

We conclude that the Amended Complaint provided fair notice to Kona Coast that Brooks was asserting claims for violation of HRS § 378-2 based on his race and ancestry. The Amended Complaint alleged that Brooks belonged to a class of persons protected by the statute; that he was qualified for his position and performed his job satisfactorily; that he experienced various adverse employment actions; and that circumstances surrounding the alleged adverse employment actions gave rise to an inference of discrimination. <u>See</u> <u>U.S. Equal Emp't Opportunity Comm'n v. Glob. Horizons, Inc.</u>, 904 F. Supp. 2d 1074, 1087 (D. Haw. 2012) (concerning motion to dismiss complaint under Title VII of the Civil Rights Act of 1964 to correct allegedly unlawful employment practices on the basis of national origin and race).[4] Kona Coast's arguments to the contrary go to the <u>merits</u> of Brooks's claims, not to the sufficiency of his pleading.

Based on the foregoing, we vacate the "Order Granting Defendant Kona Coast Shellfish, LLC's Motion to Dismiss First Amended Complaint Filed November 14, 2017, Filed January 29, 2018," entered on March 23, 2018, and the "Final Judgment"

---

[4] Federal courts' interpretations of Title VII of the Civil Rights Act of 1964 are persuasive, although not controlling, over a Hawaiʻi state court's interpretation of HRS § 378-2. <u>Arquero v. Hilton Hawaiian Vill. LLC</u>, 104 Hawaiʻi 423, 429-30, 91 P.3d 505, 511-12 (2004).

entered on June 25, 2018, and remand to the circuit court for further proceedings.

DATED:  Honolulu, Hawai'i, August 17, 2021.

On the briefs:

Ted H. S. Hong,
for Plaintiff-Appellant.

John Rhee,
Shannon M.I. Lau,
for Defendant-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge